# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

| | | |
|---|---|---|
| ABRAHAM A. AUGUSTIN and | ) | |
| LORRANCE B. DAIS, | ) | Case No. 1:17-cv-19 |
| | ) | |
| *Plaintiffs*, | ) | Judge Travis R. McDonough |
| | ) | |
| v. | ) | Magistrate Judge Christopher H. Steger |
| | ) | |
| BRADLEY COUNTY, TENNESSEE, | ) | |
| BRADLEY COUNTY SHERIFF'S | ) | |
| DEPARTMENT[1], and JIMMY SMITH, | | |
| | | |
| *Defendants*. | | |

---

## MEMORANDUM OPINION

---

The Court is in receipt of a pro se prisoner civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 4), two motions for leave to proceed *in forma pauperis* (Docs. 1, 2), and two motions to appoint counsel (Docs. 3, 5). It appears from the motions for leave to proceed *in forma pauperis* that Plaintiffs lack sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, Plaintiffs' motions for leave to proceed *in forma pauperis* (Docs. 1, 2) will be **GRANTED**. For the reasons set forth below, however, no process shall issue, and this action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983.

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§

---

[1] As it appears that the name of the Bradley County Sheriff's Department is misspelled on the Court's docket sheet, the Clerk will be **DIRECTED** to correct the spelling.

1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal

standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim

under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the

language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to

survive an initial review under the PLRA, a complaint "must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678

(quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil

rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers.

*Haines v. Kerner*, 404 U.S. 519, 520 (1972).

     In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was

deprived of a federal right by a person acting under color of state law. *Black v. Barberton*

*Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d

990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see*

*also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does

not itself create any constitutional rights; it creates a right of action for the vindication of

constitutional guarantees found elsewhere").

     In their complaint, Plaintiffs allege that Defendants violated their constitutional rights by

determining that Plaintiffs had forfeited property and money that was seized in a criminal

investigation without properly notifying Plaintiffs of the seizure and/or forfeiture

as required by Tenn. Code Ann. §§ 40-33-203 and 204.[2]

---

[2] Plaintiffs' complaint is twenty-eight pages long and sets forth a number of facts that are either
irrelevant, or are only tangentially relevant, to the substantive claims set forth therein. It is
apparent from the substance of Plaintiffs' complaint, however, that the only claims they wish to

First, Plaintiff Dais has already brought a civil action arising out of the same underlying claim against Defendants Jimmy Smith and the Bradley County Sheriff's Office. *Dais v. Smith et al.*, 1:11-CV-165 (E.D. Tenn. Dec. 5, 2011). That action was dismissed as frivolous and for failure to state a claim. *Id.* Thus, many, if not all, of Plaintiff's claims are barred by claim and/or issue preclusion.[3]

Moreover, as to Plaintiff Augustin's claims and to the extent that Plaintiff Dais' claims are not barred by claim and/or issue preclusion, it is apparent from the complaint that all claims set forth in the complaint are time-barred. Congress did not provide a statute of limitations for claims arising under 42 U.S.C. § 1983. Accordingly, district courts apply state statutes of limitations to those claims. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005). In Tennessee, a one-year statute of limitations is applicable to § 1983 actions. *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012); Tenn. Code Ann. § 28-3-104(a)(3).

Federal law, however, determines "[t]he date on which the statute of limitations begins to run in a § 1983 action." *Eidson v. State of Tenn. Dept. of Children's Servs.*, 510 F.3d 631, 634–35 (6th Cir. 2007) (citing *Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516, 520 (6th Cir.

---

pursue are their claims that Defendants failed to properly provide them with notice of the seizure and/or forfeiture of their property as required by Tenn. Code Ann. §§ 40-33-203 and 204.

[3] Claim preclusion, or *res judicata*, prevents a party from relitigating previously adjudicated claims or claims that should have been advanced in an earlier suit between the same parties. *Mitchell v. Chapmen*, 343 F.3d 811, 819 (6th Cir. 2003). The doctrine of collateral estoppel, or issue preclusion, applies only if "(1) the precise issue raised in the present case [was] raised and actually litigated in the prior proceeding; (2) determination of the issue [was] necessary to the outcome of the prior proceeding; (3) the prior proceeding . . . resulted in a final judgment on the merits; and (4) the party against whom [issue preclusion] is sought ... had a full and fair opportunity to litigate the issue in the prior proceeding." *Smith v. Securities & Exch. Comm'n*, 129 F.3d 356, 362 (6th Cir.1997) (*en banc*) (citing *Detroit Police Officers Ass'n v. Young*, 824 F.2d 512, 515 (6th Cir.1987)).

1997)).  The Sixth Circuit has held that a cause of action accrues and the statute of limitations begins to run when an event occurs that "'should have alerted the typical lay person to protect his or her rights.'"  *Id.* at 635 (quoting *Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997)).

It is apparent from the complaint that Plaintiffs had notice of the claims set forth therein much longer than a year before they signed their complaint on January 10, 2017.[4]  Specifically, Plaintiff Augustin states in the complaint that he first pursued a case based on the claims set forth in his complaint in 2012 [Doc. 4 p. 6].[5]  Moreover, as set forth above, on June 17, 2011, Plaintiff Dais filed a complaint in a civil action arising out of the same underlying claim regarding seizure of property and forfeiture document that was dismissed as frivolous and for failure to state a claim.  *Dais v. Smith et al.*, 1:11-CV-165 (E.D. Tenn. Dec. 5, 2011).

Accordingly, for the reasons set forth above, even liberally construing the complaint in favor of Plaintiffs, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), it fails to state a claim upon which relief may be granted under § 1983 as all claims therein are time-barred.  This action will therefore be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983 pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).

Because Plaintiffs are incarcerated in the United States Prison in Atlanta ("USP Atlanta"), each will be **ASSESSED** one-half of the civil filing fee of $350.00.  Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiffs' inmate trust accounts at the

---

[4] Under the prisoner "mailbox rule," a prisoner complaint is deemed filed on the day the plaintiff signed the complaint.  *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (noting that the signing date on a pro se prisoner's pleading will be deemed to be the filing date, unless there is evidence to the contrary).

[5] While Plaintiff Augustin states that he seeks to have the case he states he "reopened" in Bradley County in 2016 transferred to this Court [Doc. 4 p. 6], he has not followed the procedural requirements for removal of civil actions.  28 U.S.C. § 1446.  This request is therefore **DENIED**.

institution where they now reside will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is greater of:

    (a)  twenty percent (20%) of the average monthly deposits to each Plaintiff's inmate trust account; or

    (b) twenty percent (20%) of the average monthly balance in each Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of each Plaintiffs preceding monthly income (or income credited to Plaintiffs' trust accounts for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until each Plaintiff has paid to the Clerk one half of the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a).  28 U.S.C. § 1915(b)(2).  Accordingly, each Plaintiff will pay a total of one hundred and seventy-five dollars ($175.00).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Warden and Custodian of Inmate Accounts at USP Atlanta in Atlanta, Georgia, and to the Commissioner of the Bureau of Prisons to ensure that the custodian of Plaintiffs' inmate trust accounts complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fees.  The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

                    */s/ Travis R. McDonough*
                    **TRAVIS R. MCDONOUGH**
                    **UNITED STATES DISTRICT JUDGE**